Jeffrey B. Maltzman, CA Bar No. 131758
Edgar R. Nield, CA Bar No. 135018
Gabrielle De Santis Nield, CA Bar No. 110930
Rafaela P. Castells, CA Bar No. 290828
MALTZMAN & PARTNERS, P.A.
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880
Facsimile:  (760) 942-9882
jeffreym@maltzmanpartners.com
edn@maltzmanpartners.com
gabn@maltzmanpartners.com

Attorneys for Defendant, PRINCESS CRUISE LINES, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WEIDNER, Individually and as Personal Representative of the Decedent, CARL WEIDNER<br><br>Plaintiffs,<br>vs.<br><br>CARNIVAL CORPORATION, CARNIVAL PLC, and PRINCESS CRUISE LINES LTD.,<br><br>Defendants. | CASE NO.: 2:20-CV-04074-RGK-SK<br><br>**DEFENDANT PRINCESS CRUISE LINES, LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: August 31, 2020<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br><br>Magistrate: Hon. Steve Kim<br>Filed: 05/04/2020 |

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................... 1

II.  LEGAL STANDARD ............................................................................... 2

III. MEMORANDUM OF LAW ...................................................................... 3

    A.   Federal Maritime Law Applies to Plaintiffs' Claims............................ 3

    B.   The Complaint Violates Rule 8(a) ........................................................ 4

    C.   Plaintiffs Have Not Alleged Sufficient Facts to Establish Standing to Bring a Wrongful Death Claim .......................................... 7

    D.   The Death on The High Seas Act is Plaintiffs' Exclusive Remedy ....... 9

V.   CONCLUSION ....................................................................................... 13

MALTZMAN & PARTNERS
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880  Fax: (760) 942-9882

# TABLE OF AUTHORITIES

Cases

*Alcabasa v. Korean Air Lines Co., Ltd.,* 62 F.3d 404 (D.C. Cir. 1995) ....................... 8

*Almarou v. Robbins,* 2019 WL 7945592 (C.D. Cal. Nov. 5, 2019) ........................... 9

*Anderson v. District Board of Trustees,* 77 F.3d 364 (11th Cir.1996) ........................ 7

*Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*, 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ........................................................................................ 5

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ........................................................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................... 3, 4

*Bodden v. American Offshore, Inc*., 681 F.2d 319 (5th Cir.1982) ....................... 8, 10

*Bowoto v. Chevron Corp.,* 621 F.3d 1116 (9th Cir. 2010) ..................................... 10

*Brigg v. Walker,* 171 U.S. 466 (1898) ................................................................. 8

*Burnette v. Dresser Indus., Inc*., 849 F.2d 1277 (10th Cir. 1988) ............................. 6

*Byrd v. Guess*, 137 F.3d 112 (9th Cir. 1998) ...................................................... 9

*Chute v. United States,* 466 F.Supp. 61 (D.Mass.1978) ........................................ 12

*Classen Immunotherapies, Inc. v. Biogen IDEC*, 2005 WL 1936166 (D. Md. July 22, 2005) ..................................................................................................... 5

*DeSisto College, Inc. v. Line*, 888 F.2d 755 (11th Cir. 1989) ................................. 5

*Destfino v. Kennedy*, 2008 WL 4810770 (E.D. Cal. Nov. 3, 2008) ......................... 6

*Dunson v. Cordis Corp.*, 2016 WL 3913666 (N.D. Cal. July 20, 2016) .................... 5

*Estrada v. Caliber Home Loans, Inc.*, 172 F. Supp. 3d 1108 (C.D. Cal. 2016) ......... 5

*Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249 (1972) .................. 12

*Fagbohunge v. Caltrans*, 2014 WL 644008 (N.D. Cal. Feb. 19, 2014) ..................... 5

*Helman v. Alcoa Global Fasteners, Inc*., 843 F. Supp. 2d 1038 (C.D. Cal. 2011) .... 8, 10, 11

*In re Air Crash Disaster Off Coast of Nantucket Island, Massachusetts on October 31, 1999,* 2010 WL 1221401 (E.D.N.Y. Mar. 29, 2010) .................................. 8

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995) .. 3

*Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302 (S.D. Fla. 2019) ...................... 11

MALTZMAN & PARTNERS
681 ENCINITAS BOULEVARD, SUITE 315
ENCINITAS, CA 92024
TELEPHONE: (760) 942-9880 FAX: (760) 942-9882

*Lippe v. Bairnco Corp.*, 225 B.R. 846 (S.D.N.Y. 1998) .............................................. 6

*Makaron v. GE Sec. Mfg., Inc.*, 2014 WL 12614468 (C.D. Cal. July 31, 2014) ........ 4

*Markman v. Leoni*, 2010 WL 8275829 (C.D. Cal. Nov. 3, 2010) .............................. 5

*Mason v. County of Orange,* 251 F.R.D. 562 (C.D.Cal.2008) .................................... 7

*Medina v. Bauer*, 2004 WL 136636 (S.D.N.Y Jan. 27, 2004) .................................... 6

*Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618 (1978) .......................................... 12

*Motts v. M/V Green Wave*, 210 F.3d 565 (5th Cir. 2000) .................................. 11, 12

*Moyer v. Rederi*, 645 F. Supp. 620 (S.D. Fla. 1986) ................................................ 11

*Newman v. OneWest Bank, FSB*, 2010 WL 797188 (C.D. Cal. Mar. 5, 2010) ........... 5

*Nicholson v. City of Los Angeles*, 935 F.3d 685 (9th Cir. 2019) ................................ 9

*Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207 (1986) ................................ 11, 12

*Public Administrator of the County of New York v. Angela Compania Naviera, S.A.*, 592 F.2d 58 (2d Cir.1979) ................................................................................. 12

*Sollberger v. Wachovia Securities LLC*, 2010 WL 2674456 (C.D. Cal. June 30, 2010) ..................................................................................................................... 7

*Spindler v. California*, 2020 WL 2559442 (C.D. Cal. Jan. 20, 2020) ........................ 6

*Stanislaus Food Products Co. v. USS-POSCO Industries*, 2010 WL 3521979 (E.D. Cal. Sept. 3, 2010) ............................................................................................... 6

*Taghadomi v. United States*, 401 F.3d 1080 (9th Cir. 2005) ..................................... 3

*Tatum v. City and County of S.F.*, 441 F.3d 1090 (9th Cir. 2006) ............................. 9

*ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*, 2013 WL 12120260 (C.D. Cal. Feb. 7, 2013) ..................................................................................................................... 5

*Touhey v. Carnivale Cruise Lines*, 1981 A.M.C. 1218 (Cal. App. Ct. 1980) ........... 11

*Touhey v. Roos-Loos Medical Group,* (1980, Ct. of App.Cal.) 1981 A.M.C. 1218 . 12

*Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560 (11th Cir. 1991) ................ 4

*Williams v. United States*, 711 F.2d 893 (9th Cir.1983) ............................................ 3

<u>Statutes</u>

46 U.S.C. §30301 ...................................................................................................... 10

46 U.S.C.A. §30302 ............................................................................................. 8, 11

<u>Rules</u>

Fed R Civ Pro 8(a) ................................................................................... 1, 3, 5, 6, 7

Fed. Rule Civ Pro 12(b)(6) ................................................................................ 2

L.R. 7-3 ............................................................................................................. 1

<u>Codes</u>

Cal. Civ. Proc. §377.32 ..................................................................................... 9

MALTZMAN & PARTNERS
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880 Fax: (760) 942-9882

Defendant, PRINCESS CRUISE LINES, LTD. ("PRINCESS") hereby files this Motion to Dismiss the Complaint filed by Plaintiffs herein. For the reasons set forth below, Plaintiffs' Complaint should be dismissed.

This motion is made following several conferences of counsel pursuant to L.R. 7-3 which took place between May 18, 2020 and July 9, 2020.

## I. INTRODUCTION

Plaintiffs, Christopher Weidner, the decedent's son, as an individual and as "Personal Representative of the Decedent, Carl Weidner," bring a maritime tort case relating to Carl Weidner's cruise aboard the *Grand Princess* from February 21, 2020 until March 10, 2020. (Compl. ¶¶ 2-5). Decedent Carl Weidner is alleged to have contracted COVID-19 "while a passenger onboard the M/V GRAND PRINCESS, sailing on the high seas." (Compl. ¶3). Carl Weidner is alleged to have died on March 26, 2020 "as a result of infection with COVID-19." (Compl. ¶69). Plaintiffs' Complaint purports to state a cause of action under the Death on the High Seas Act (hereafter "DOHSA"), Common Law Negligence for Wrongful Death, and Common Law Gross Negligence for Wrongful Death.

Plaintiffs name three sets of defendants in this lawsuit: PRINCESS CRUISE LINES, LTD. (hereafter "PRINCESS"), CARNIVAL CORPORATION (hereafter "CARNIVAL") and CARNIVAL PLC (hereafter "PLC"). Plaintiffs allege all three Defendants "owned, controlled, and operated the cruise ship, M/V GRAND PRINCESS." (Compl. ¶ 9). Nonetheless, Plaintiffs fail to allege *any* action or omission taken by PRINCESS and fail to differentiate what actions were taken by which Defendant.

The Complaint against PRINCESS should be dismissed for the following reasons: First, in violation of the pleading standards of Federal Rule of Civil Procedure 8(a), Plaintiffs improperly lump PRINCESS, CARNIVAL, and PLC together as a single entity, referring to them throughout the Complaint simply as "Defendants." Plaintiffs improperly ascribe all the alleged duties and all the alleged

breaches to all the parties under the generalized rubric of "Defendants" without distinguishing among the separate entities who owes what duties or who is alleged to have committed which purported act or omission. This defect is more than a semantic one and makes it impossible for each Defendant to determine which allegations are alleged against it versus the other Defendants. Additionally, Plaintiffs' Complaint is an impermissible shotgun pleading that runs afoul of Rule 8's pleading requirement. This independent basis for dismissal deprives Defendants of knowing exactly what they are accused of doing wrong.

Second, Plaintiffs bring death claims under both the Death on the High Seas Act ("DOHSA") and under California state law. Plaintiffs have failed to plead sufficient facts to establish standing to bring a death claim under either DOHSA or California law. Plaintiffs have pled no fact to establish that Christopher Weidner has been appointed the personal representative of the Estate of Carl Weidner or that Christopher Weidner is Carl Weidner's successor in interest. This defect is fatal to all three counts.[1]

Finally, assuming the Court is satisfied that Christopher Weidner has adequately pled standing to state a claim on behalf of the Estate of Carl Weidner, Plaintiffs' common law Negligence and Gross Negligence claims must be dismissed as DOHSA is the exclusive remedy for Plaintiff's wrongful death claim and preempts his state law claims.

As set forth below, the Court should dismiss the Complaint and Plaintiffs' claims against PRINCESS.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to

---

[1] Opposing counsel has advised that Plaintiffs intend to request a stay, pending appointment of a personal representative by the Estate. Defendant has no objection to staying this matter to allow time for the Estate to appoint a personal representative.

2

DEFENDANT'S MOTION TO DISMISS 2:20-CV-04074-RGK-SK

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

Federal Rule of Civil Procedure 8(a) states that in order for a pleading to state a claim for relief it must contain, "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

## III. MEMORANDUM OF LAW

### A. Federal Maritime Law Applies to Plaintiffs' Claims

As Plaintiffs acknowledge by invoking this Court's maritime jurisdiction and stating that the "Court has Admiralty subject matter jurisdiction pursuant to the Death on The High Seas Act," Federal maritime law applies to Plaintiffs' claims.[2] (Compl. ¶ 19). Maritime law applies when "(1) the alleged wrong occurred on or over navigable waters, and (2) the wrong bears a significant relationship to traditional maritime activity." *Williams v. United States*, 711 F.2d 893, 896 (9th Cir.1983). "'[V]irtually every activity involving a vessel on navigable waters" is a "traditional maritime activity sufficient to invoke maritime jurisdiction." *See Taghadomi v. United States*, 401 F.3d 1080, 1087 (9th Cir. 2005) ((quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 542 (1995)));

---

[2] Plaintiffs' Passage Contract applicable to their voyage similarly invokes maritime

*Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560, 1654 n. 10 (11th Cir. 1991) ("In maritime tort cases such as this one, in which injury occurs aboard a … ship upon navigable waters, federal maritime law governs the substantive legal issues.").

### B. The Complaint Violates Rule 8(a)

As currently articulated, Plaintiffs' Complaint makes it impossible for PRINCESS to determine which claims are directed to PRINCESS, and which acts or omissions Plaintiffs ascribes to other Defendants. Despite admitting that PRINCESS and the other Defendants are separate corporate entities (*see* Compl. ¶¶ 6-8), Plaintiffs refer to them interchangeably as "Defendants" throughout the Complaint, without differentiating what actions were taken by which entity. Plaintiffs preface these generalized allegations with a boilerplate statement that "at all times relevant hereto, CARNIVAL CORPORATION, CARNIVAL PLC, and PRINCESS advertised, marketed, sold, and profited (directly or indirectly) from and owned, controlled, and operated the cruise ship, M/V GRAND PRINCESS." (Compl. ¶ 9). Plaintiffs misuse of the euphemism "Defendants" in this way is a violation of the federal pleading rules set forth by the Supreme Court in in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *See also e.g.*, *Makaron v. GE Sec. Mfg., Inc.*, 2014 WL 12614468, at *3 (C.D. Cal. July 31, 2014) ("Undifferentiated pleading against multiple defendants is improper.")

The Complaint does not describe any specific action or omission to any specific Defendant. For example, in paragraph 84, Plaintiffs allege that "[d]efendants failed to do what a reasonably careful cruise ship owner and operator would do under the circumstances" (Compl. ¶ 84; *see also id.* ¶¶ 79-94, 97-108, and 111-126). Plaintiffs state that "defendants" did not adequately screen passengers (Compl. ¶ 86), that "defendants" failed to notify passengers onboard (*id.* ¶ 89); and that "defendants" "chose not to implement quarantine." (*id.* ¶ 90). No particular

---

law. *See*, https://www.princess.com/legal/passage_contract/plc.html at Section 1.

"defendant" is ever specified for any claimed act.

This practice of "lumping" together the actions of all defendants violates Rule 8(a) of the Federal Rules of Civil Procedure. *Newman v. OneWest Bank, FSB*, 2010 WL 797188, at *5 (C.D. Cal. Mar. 5, 2010) ("Plaintiffs' allegations fail to meet the basic pleading requirements of Rule 8(a)" when "they lump all of the defendants together."); *Markman v. Leoni*, 2010 WL 8275829, at *9 (C.D. Cal. Nov. 3, 2010), *report and recommendation adopted,* 2012 WL 83721 (C.D. Cal. Jan. 5, 2012) ("Plaintiff may not simply lump defendants together but must make specific factual allegations as to each."); *DeSisto College, Inc. v. Line*, 888 F.2d 755, 761 (11th Cir. 1989). A plaintiff fails to comply with the Rule 8(a) pleading standard where the complaint "lump[s] all the defendants together and fail[s] to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong." *Appalachian Enters., Inc. v. ePayment Solutions, Ltd*., No. 01 CV 11502 (GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004); *Classen Immunotherapies, Inc. v. Biogen IDEC*, No. Civ. WDQ-04-2607, 2005 WL 1936166, at *2 (D. Md. July 22, 2005). When faced with such a Complaint, "district courts in California routinely hold that undifferentiated pleading against multiple defendants does not meet Rule 8 pleading requirements." *ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*, 2013 WL 12120260, at *10 n.59 (C.D. Cal. Feb. 7, 2013).

Courts have granted dismissal, for example, when a "complaint persistently made allegations against 'Defendant' without distinguishing which of the two defendants the allegation is against." *Estrada v. Caliber Home Loans, Inc.*, 172 F. Supp. 3d 1108, 1117 (C.D. Cal. 2016); *see also, e.g.*, *Dunson v. Cordis Corp.*, 2016 WL 3913666, at *3 (N.D. Cal. July 20, 2016) (complaint "facially insufficient" because "Plaintiffs lump defendants Cordis and Confluent in an undifferentiated group for each cause of action"); *Fagbohunge v. Caltrans*, 2014 WL 644008, at *3 n.4 (N.D. Cal. Feb. 19, 2014) (a "general allegation regarding 'defendants' is … insufficient on its face because it does not identify which specific defendants ….

Plaintiff's complaint must differentiate between each of the defendants and clearly state the factual basis for each cause of action as to each specific defendant.").

Because Plaintiffs fail to articulate what alleged acts or duties are attributable to PRINCESS and what alleged acts or duties are attributable to CARNIVAL or PLC, the Complaint should be dismissed. *See id.; See also Petrovic v. Princess Cruise Lines, Ltd., et al.*, Case No.: 12-21588-Civ-Altonaga/Simonton, at *9 (S.D. Fla. July 20, 2012)("Plaintiff's "grouping" of Defendants in the Complaint creates confusion ... it is not for the Court or the parties to 'speculate as to the identity of the Defendants these allegations are levied against as the burden rests on the plaintiff[] ....'"); *Burnette v. Dresser Indus., Inc.*, 849 F.2d 1277, 1283 (10th Cir. 1988); *Medina v. Bauer*, No. 02 Civ. 8837(DC), 2004 WL 136636, at *6 (S.D.N.Y Jan. 27, 2004)("by lumping all the defendants together and failing to distinguish their conduct," plaintiffs complaint "fail[ed] to give adequate notice to defendants of what they did wrong"); *Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y. 1998)("plaintiffs cannot simply 'lump' all the defendants together and allege that the purported acts of every defendant can be imputed to every other defendant"). Plaintiffs' Complaint must be dismissed because each and every one of Plaintiffs' factual allegations and assertions of negligence targets an undifferentiated set of "defendants."

Plaintiffs' Complaint additionally violates Rule 8 by incorporating, in each of their claims, all of the previous paragraphs in the entire Complaint. (*See* Compl. ¶¶95, 109). This practice of "shotgun" pleading has similarly been rejected. *See Spindler v. California*, CV 18-8712-JLS(E), 2020 WL 2559442, at *5 (C.D. Cal. Jan. 20, 2020); *see also Stanislaus Food Products Co. v. USS-POSCO Industries*, 2010 WL 3521979, at *31 n.16 (E.D. Cal. Sept. 3, 2010) ("Allegations, however, which incorporate each preceding paragraph, regardless of relevancy, are not permitted."); *Destfino v. Kennedy*, 2008 WL 4810770, at *3 (E.D. Cal. Nov. 3, 2008), *aff'd*, 630 F.3d 952 (9th Cir. 2011) ("This practice [of wholesale

incorporation of prior allegations] has been harshly criticized as a form of 'shotgun pleading' which violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice.") (citation omitted); *Sollberger v. Wachovia Securities LLC*, 2010 WL 2674456, at *4-5 (C.D. Cal. June 30, 2010) (shotgun pleading whereby each count incorporates every antecedent allegation by reference "deprives Defendants of knowing exactly what they are accused of doing wrong," and "alone warrants dismissal"). "The Court has recognized that allowing shotgun pleadings would lead to many negative consequences." *See Sollberger,* 2010 WL 2674456, at *4; *see also Mason v. County of Orange,* 251 F.R.D. 562, 563–64 (C.D.Cal.2008) (quoting *Anderson v. District Board of Trustees,* 77 F.3d 364, 366–67 (11th Cir.1996)) ("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). Here Plaintiffs' incorporation of all preceding paragraphs and lumping of all Defendants violates of Rule 8's pleading requirements and therefore also warrants dismissal.

### C. Plaintiffs Have Not Alleged Sufficient Facts to Establish Standing to Bring a Wrongful Death Claim

Plaintiffs have failed to plead the required facts to establish standing for a wrongful death claim under any legal schema. Plaintiffs' Complaint brings death claims under both the Death on the High Seas Act ("DOHSA") and California state law. However, Plaintiffs have failed to plead sufficient facts to establish that Christopher Weidner has been appointed the personal representative of the Estate of Carl Weidner or that Christopher Weidner is Carl Weidner's successor in interest.

The Death on the High Seas Act ("DOHSA") provides that only "the personal representative of the Decedent may bring a civil action in admiralty against the person or vessel responsible," and that such action "shall be for the exclusive benefit of the Decedent's spouse, parent, child, or dependent relative." 46 U.S.C.A. §30302

(West). "By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the *exclusive recovery* for deaths that occur on the high seas." *Helman v. Alcoa Global Fasteners, Inc.*, 843 F. Supp. 2d 1038, 1041 (C.D. Cal. 2011) (internal citations omitted); *See also Bodden v. American Offshore, Inc.*, 681 F.2d 319, 329 (5th Cir.1982); *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 123, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998). A "personal representative is by definition a court-appointed executor or administrator of an estate, not merely an heir." *Helman v. Alcoa Global Fasteners, Inc.*, 843 F. Supp. 2d 1038, 1042 (C.D. Cal. 2011) (internal citations and quotations omitted). In *Helman*, the court deemed plaintiffs who alleged standing as "individuals," as "successors-in-interest" and through their "guardian ad litem" lacked standing to bring DOHSA claims. Courts have uniformly recognized, a "personal representative" is an individual "empowered by law to administer the decedent's estate." *In re Air Crash Disaster Off Coast of Nantucket Island, Massachusetts on October 31, 1999,* No. MD-00-1344 (BMC), 2010 WL 1221401, *5 (E.D.N.Y. Mar. 29, 2010); *see also Alcabasa v. Korean Air Lines Co., Ltd.,* 62 F.3d 404, 407 (D.C. Cir. 1995) ("[A] 'personal representative' is by definition a court-appointed executor or administrator of an estate, not merely an heir," citing *Brigg v. Walker,* 171 U.S. 466 (1898)).

Here, Plaintiffs have not alleged that Christopher Weidner has been appointed the personal representative of the Estate of Carl Weidner[3]. Christopher Weidner is however alleged to be "the Decedent's surviving adult biological son." (Compl. ¶ 5). However, being an adult biological offspring is not enough to support standing for the purpose of bringing a DOHSA claim on behalf of the Estate of Carl Weidner.

---

[3] While the styling of the case suggests that "Christopher Weidner is the Personal Representative of the <u>Decedent, Carl Weidner</u>," Plaintiffs have not alleged that Christopher Weidner has been appointed the Personal Representative of the *Estate of Carl Weidner*.

Standing is also lacking even if DOHSA does not apply. "Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law." *Tatum v. City and County of S.F.*, 441 F.3d 1090, 1094, n.2 (9th Cir. 2006). To satisfy California's requirements, a plaintiff must submit an affidavit or declaration attesting to the fact that he or she is the decedent's successor in interest and attach the decedent's death certificate. Cal. Civ. Proc. §377.32; *see also Almarou v. Robbins,* CV 18-04908-CJC, 2019 WL 7945592, at *2 (C.D. Cal. Nov. 5, 2019). A plaintiff bears the burden of demonstrating that they meet the requirements for bringing a survival action. *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998), *overruled on other grounds by Nicholson v. City of Los Angeles*, 935 F.3d 685, 696 (9th Cir. 2019); *see also Almarou,* 2019 WL 7945592, at *2.

The Complaint incorporates none of the required affidavits or declarations delineated above. Plaintiffs have neither alleged that Christopher Weidner is the personal representative of the Estate of Carl Weidner, nor have they alleged in any meaningful way that Christopher Weidner is the successor in interest to Carl Weidner. Plaintiffs have not submitted the required affidavit or declaration. The Complaint thus does not allege sufficient facts to establish Christopher Weidner's standing to bring a wrongful death claim on behalf of Carl Weidner.

For the foregoing reasons, the claims on behalf of Carl Weidner's Estate should be dismissed without prejudice or stayed with leave to amend once Plaintiffs can establish that either Christopher Weidner or someone else has standing to bring such claims.

**D. The Death on The High Seas Act is Plaintiffs' Exclusive Remedy**

Plaintiffs correctly concede their expectation that this matter is properly controlled by DOHSA, and admit that they have only brought common law claims "out of an abundance of caution, including if this Court should determine that the

Death on the High Seas Act, 46 U.S.C. §30301 *et seq.,* does not apply in this case." (Compl. ¶¶ 3, 19, 78-94, 96, and 110). Plaintiffs have specifically pled that Carl Weidner's contraction of COVID-19 while on the high seas occurred while the ship was more than three miles from shore and resulted in his death. (Compl. ¶¶ 3, 63, and 69). Defendant agrees with Plaintiffs insomuch that this matter is properly controlled by DOHSA, and seeks an order from the Court dismissing counts two and three which are premised upon common law, and instructing Plaintiffs to cure the standing defect so that this matter may proceed pursuant to DOHSA.

"When the incident takes place outside the three-mile limit, DOHSA and DOHSA alone controls." *Helman v. Alcoa Global Fasteners, Inc.*, 843 F. Supp. 2d 1038, 1041 (C.D. Cal. 2011) (internal citations omitted); *See also Bodden v. American Offshore, Inc.*, 681 F.2d 319, 329 (5th Cir.1982); *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 123, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998). "DOHSA provides the exclusive remedy for wrongful deaths that occur on the high seas." *Bowoto v. Chevron Corp.,* 621 F.3d 1116, 1122 (9th Cir. 2010). Courts in the Ninth Circuit have dismissed state law claims when preempted by DOHSA. *See Helman v. Alcoa Glob. Fasteners, Inc.,* 637 F.3d 986, 988 (9th Cir. 2011). Furthermore, The Supreme Court denounced survival actions in cases where DOHSA applies by stating, "because Congress has already decided these issues, it has precluded the judiciary from enlarging either the class of beneficiaries or the recoverable damages. As we noted in *Higginbotham*, 'Congress did not limit DOHSA beneficiaries to recovery of their pecuniary losses in order to encourage the creation of nonpecuniary supplements.'" *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 123, 118 S. Ct. 1890, 1895, 141 L. Ed. 2d 102 (1998).

The Death on the High Seas Act provides that, "when the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the

person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative." 46 U.S.C.A. § 30302 (West). Courts have made clear that DOHSA applies where "the decedent is on the high seas at the time he suffers his mortal injury." *See Motts v. M/V Green Wave*, 210 F.3d 565, 569 (5th Cir. 2000); *Citing Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 224 (1986); *see also Garofalo v. Princess Cruises, Inc.,* 2001 A.M.C. 623, 624, 85 Cal.App.4th 1060, 102 Cal.Rptr.2d 754 (2000) (stating that "when a high seas injury is a cause, but not the sole cause, of the decedent's death, DOHSA provides the exclusive remedy as to the high seas tortfeasor"). Plaintiffs concede that Carl Weidner contracted COVID-19 while the vessel was on the high seas and more than three miles away from shore. (Compl. ¶¶ 3, 63). Carl Weidner is alleged to have "died as a result of infection with COVID-19." (Compl. ¶ 69). Here, Plaintiffs have alleged the contraction took place both beyond three nautical miles from shore and upon the high seas. (Compl. ¶¶ 3, 63). As such, DOHSA applies and preempts all of Plaintiffs' California state law death claims. *See Helman v. Alcoa Glob. Fasteners, Inc.,* 637 F.3d 986, 988 (9th Cir. 2011) (dismissed state law claims when preempted by DOHSA).

The location of the where the injury occurs is the most important factor when determining the applicability of the DOHSA. *See Touhey v. Carnivale Cruise Lines*, 1981 A.M.C. 1218, 1219 (Cal. App. Ct. 1980) ("It is clear that the place where the injury occurs is the crucial factor in determining whether or not the federal courts have exclusive jurisdiction."). Here the location of the injury has been specifically alleged in the Complaint, which thus counsels in favor of early review of the DOHSA issue. *See* (Compl. ¶¶ 3, 63); *Kennedy v. Carnival Corp*., 385 F. Supp. 3d 1302, 1313–14 (S.D. Fla. 2019), report and recommendation adopted, 18-20829-CIV, 2019 WL 2254962 (S.D. Fla. Mar. 21, 2019); *see also Moyer v. Rederi*, 645 F. Supp. 620, 627 (S.D. Fla. 1986) ("Authority is clear that a cause of action under DOHSA accrues at the time and place where an allegedly wrongful act or omission

was consummated in an actual injury, not at the point where previous or subsequent negligence actually occurred.); *see also Motts v. M/V Green Wave*, 210 F.3d 565, 567 (5th Cir. 2000) ("DOHSA applies where the decedent is injured on the high seas, even if a party's negligence is entirely land-based and begins subsequent to that injury."); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 218 (1986) (applying DOHSA to a helicopter crash at sea); *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 271 n.20 (1972) (applying DOHSA to a wrongful-death action arising out of an airplane crash on the high seas beyond a marine league from the shore of a State); *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 620 (1978) (applying DOHSA to a helicopter crash at sea).

Plaintiffs' allegations that decedent spent time ashore treating prior to death does not alter the analysis that DOHSA applies, as courts have held that DOHSA applies when the decedent suffers injury at sea but subsequently dies on land. *See Public Administrator of the County of New York v. Angela Compania Naviera, S.A.,* 592 F.2d 58 (2d Cir.1979) (DOHSA deemed applicable where seaman died in an Athens hospital eight months after receiving allegedly inadequate medical treatment on board a freighter); *Chute v. United States,* 466 F.Supp. 61 (D.Mass.1978) (DOHSA deemed applicable to plaintiff's decedent who died in a Massachusetts hospital after being taken ashore following the sinking of a yacht in Nantucket Sound); *Touhey v. Roos-Loos Medical Group,* (1980, Ct. of App.Cal.) 1981 A.M.C. 1218 (DOHSA deemed applicable where decedent, injured aboard defendant's cruise ship, died onshore approximately one year after the injury).

Here, Plaintiffs contend that Carl Weidner's contraction of COVID-19 while on the high seas occurred while the ship was more than three miles from shore and resulted in his death. (Compl. ¶¶ 3, 63, and 69). As Plaintiffs allege that decedent's contraction of the virus resulted in his death, recovery for said death is limited to and by DOHSA, as the contraction of the virus occurred on the high seas beyond three nautical miles from shore.

Plaintiffs' factual allegations properly comport to a finding that DOHSA controls the subject litigation, but for the lack of standing. As such, Plaintiff's first cause of action should be dismissed with leave to amend to allow Plaintiffs to cure the issue of standing as discussed above, and Plaintiff's second and third causes of action should be dismissed with prejudice as DOHSA controls and preempts all other causes of action.

## V. CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its motion and dismiss this case.[4]

DATED: July 10, 2020                    MALTZMAN & PARTNERS

By: *s/ Jeffrey B. Maltzman*
Jeffrey B. Maltzman
Rafaela P. Castells
Edgar R. Nield
Gabrielle De Santis Nield
*Attorneys for Defendant,*
*Princess Cruise Lines Ltd.*

---

[4] Defendant reserves the right to raise the issue of punitive damages at a later time.